IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS GUY ERDMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3375 |
| | § | |
| MEMCO, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION GRANTING MOTION TO DISMISS
AND ENTERING PRECLUSION ORDER**

This is a frivolous case. The plaintiff, Dennis Guy Erdman, sued Memco Inc., a staffing company. He alleged that he worked as a laborer for Memco for three months in 2008. He sued after he resigned, alleging that Memco hired him to work construction clean up rather than in a more highly skilled capacity and gave skilled jobs to "illegal alien Mexican workers." (Docket Entry No. 1). He also alleged that after he quit, Memco violated his rights by not hiring him as a laborer after Hurricane Ike struck the Houston area, by denying him "Ike benefits," and by denying him "Ike unemployment benefits." Erdman alleged a violation of his constitutional rights (due process and equal protection) and sought $1 million in actual and $2 million in punitive damages.

The defendant moved to dismiss, pointing out that there is no state action or valid constitutional violation alleged. (Docket Entry No. 5). The defendant also pointed out that Erdman has filed dozens of state and federal claims over the past several years, virtually all dismissed early in the litigation. In November 2009, he was declared a "vexatious litigant" in the Texas state court and ordered to post a $10,000 bond or have his case dismissed. (*Dennis Guy Erdman v. Daniel Gig*

*Erdman*, No. 2008-21955 (269th Dist. Ct., Harris County, Tex. Nov. 29, 2009) (order declaring Dennis Guy Erdman a vexatious litigant).

The plaintiff's only response is to urge that diversity jurisdiction applies. Even if he is correct, that does address the problem indicated by Memco's motion, which addressed failure to state a claim, not jurisdiction.

On its face, Erdman's complaint fails to state a claim and is frivolous. The complaint does not set forth a claim for relief as required by Rule 8(a) of the Federal Rules of Civil Procedure and lacks factual or legal support as required by Rule 11. Given Erdman's history of frivolous litigation, this court concludes that the suit has been brought to harass.

This case is dismissed, with prejudice. The combination of the frivolous nature of the claim and the history of abusing the judicial process by the repeated filing of frivolous actions supports denying leave to amend and dismissing with prejudice.

The frivolous nature of the claim and the litigation history of the plaintiff also justify the following preclusion order:

(1)     Until the court orders otherwise, Dennis Guy Erdman is enjoined from filing any action, complaint, or motion in the Southern District of Texas without first obtaining leave from the Chief Judge of the United States District Court for the Southern District of Texas. Any new motions, complaints, or actions that Erdman seeks to file in this court will not be docketed until the Chief Judge of the United States District Court for the Southern District of Texas grants him written leave to file.

(2)     Any new motion, complaint, or action that Erdman seeks to file in this court must be accompanied by a Motion for Leave to File Complaint/Motion. The Clerk of Court must forward

such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the complaint/motion.

   (3) Any failure by Erdman to comply with this order, or his continuous filing of any vexatious and/or frivolous complaints, motions, or actions raising similar issues addressed in previously dismissed cases, may result in sanctions, including fines.

   SIGNED on November 19, 2010, at Houston, Texas.

                      Lee H. Rosenthal
                      United States District Judge